IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TOMMY BOWDEN                                                    PLAINTIFF

v.                      Case No. 2:12-CV-02132

JERRY LEE DORNEY,
Chief Deputy, Johnson County
Sheriff's Department                                       DEFENDANT

**O R D E R**

Currently before the Court is the Report and Recommendation (Doc. 6) filed in this case on August 8, 2012, by the Honorable James R. Marschewski, Chief United States Magistrate for the Western District of Arkansas. Also before the Court are Plaintiff's Objections (Doc. 7) to the Report and Recommendation.

The Court has reviewed this case *de novo* and, being well and sufficiently advised, finds as follows: Plaintiff's objections offer neither law nor fact requiring departure from the Report and Recommendation. The Magistrate determined that although Plaintiff appeared to qualify for *in forma pauperis* status by virtue of his economic status, his claims were clearly subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-ii) for being frivolous and for failing to state a claim upon which relief may be granted. (Doc. 6, pp. 2-3). Plaintiff alleged in his Complaint that Defendant failed to properly investigate Plaintiff's report of attempted poisoning and to bring subsequent criminal charges against the person Plaintiff accused. However, as the Magistrate correctly observed, a private citizen has no right to institute a criminal prosecution. *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986). Even if the allegations in Plaintiff's Complaint were taken as true, they could not have amounted to a violation of Plaintiff's federal constitutional rights, pursuant to 42 U.S.C.

§ 1983.

In Plaintiff's written objections to the Report and Recommendation, he stated that his Complaint "only briefly described [the] facts of [the] case" and instead should have contained other facts. (Doc. 7, p. 1). These other facts, not pled in the Complaint but detailed at length in Plaintiff's "objections," included descriptions of alleged indignities Plaintiff suffered while incarcerated on a charge of first degree murder, and a claim that, by virtue of Plaintiff's incarceration, he did not receive an inheritance "that would have been bequeathed to him." *Id.* at p. 4. In examining Plaintiff's objections, however, the Court finds that they are not directed to any of the findings made by the Magistrate. Instead, Plaintiff appears to have filed objections in order to air new grievances and draw the Court's attention to other, seemingly frivolous claims. Plaintiff may, however, file a new complaint asserting these claims, if he so chooses.

Accordingly, the Court finds that the Report and Recommendation of the Magistrate is proper and should be and hereby is **ADOPTED IN ITS ENTIRETY**. For the reasons stated in the Magistrate Judge's Report and Recommendation, Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) is **DENIED** and this case is **DISMISSED WITH PREJUDICE**. Furthermore, the Court finds that this case should be counted as a strike under 28 U.S.C. § 1915(g). As such, the Clerk is directed to place a § 1915(g) strike flag on the case.

IT IS SO ORDERED this 27th day of September, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE